IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-02752-RBJ

NORMAN RAY REED JR.,

    Plaintiff,

v.

LOS ANIMAS COUNTY MUNICIPAL,
LOS ANIMOS COUNTY JAIL GARCIA JUSTICE CENTER,
DEREK NAVARETTE, *Head Sheriff*,
MANGINO, *Captain,*
WHEELER, *Lieutenant*,
DENNA STRICK, *Medical Provider*,
CHRISTINA WICK, *Mental Health Counselor*,
MEGAN, *Medical Officer at Las Animos County Jail*,

    Defendants.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

    Plaintiff Norman Ray Reed Jr. is a pretrial detainee at the Las Animas County Detention Center in Trinidad, Colorado. This matter is before the Court on the *Motion for Preliminary Injunction* (ECF No. 29) filed *pro se* by Plaintiff.[1] For the reasons below, the motion will be denied.

    Plaintiff requests "a preliminary injunction on the Las Animos County jail requiring the sheriffs to implement a legal log for outgoing and incoming legal mail." (ECF No. 29 at 1 (no alterations made)). As support, Plaintiff identifies five docket entries from this case he claims to

---

[1] Because Plaintiff is *pro se*, the Court liberally construes his motion but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

have not received. (*Id.* (listing ECF Nos. 8, 10, 12, 13, and 20 as not received)). He further states, "Plaintiff also mailed several motions that also did not make it to the United States District Court of Colorado." (*Id.*). Plaintiff cites another of his cases currently pending in the District of Colorado where he claims to have not received a magistrate judge's recommendation until it was already adopted by the district judge. (*Id.* at 2 (citing *Reed v. Transitional Counseling Service, et al.*, 20-cv-02082-MEH)). "[A] legal mail log system is the only way this Plaintiff will be able to have a fair opportunity without more intentional unaccountability deliberate interference to access the courts[,]" he concludes in his request for a preliminary injunction.

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.*

If the movant requests a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Plaintiff "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007) (unpublished). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff falls short of making the required showings. First, his motion does not identify the factual and legal bases for his claims, much less show that he is likely to prevail on the merits of any claim. Instead of setting forth the elements of his claim and the evidence that could satisfy those elements, his motion relies on unsupported arguments. And the arguments he presents are undermined by the record in this case. For example, he lists ECF No. 8 as legal mail that he

never received—that docket entry is an October 15, 2020 order from the Court to file an amended prisoner complaint. Yet, on November 9, 2020, Plaintiff filed an amended *Prisoner Complaint*, which states "Amended Complaint Per Judges Order 10/15/20". (*Compare* ECF No. 29 *with* ECF No. 20). The record, therefore, contradicts Plaintiff's claim that he did not receive the order. Plaintiff also lists ECF Nos. 10, 12, 13, and 20 to support the contention that he is not receiving legal mail. But each of the foregoing was a filing submitted by Plaintiff and docketed in this action. Thus, it is unclear how these filings submitted by Plaintiff, and docketed by the Court, support his claim that he is not *receiving* legal mail. As such, Plaintiff does not establish a likelihood of success on the merits.

Second, Plaintiff does not establish an irreparable or imminent injury. Plaintiff bases his request on a speculative fear that he will not receive his mail in the future. If, in the future, Plaintiff could establish that a court document was not received in a timely manner due to some action by a defendant in this case, there are mechanisms—much less drastic than an injunction—available to address such a failure. For instance, it appears that Plaintiff complains of *delays* in receiving his mail, not that mail is never delivered. If it is the case that his mail is being delayed, Plaintiff may request additional time to comply with an order from the Court if such a request is supported by good cause. Similarly, there are ways to establish a record of legal mailings short of issuing a mandatory preliminary injunction that the Las Animas County Jail implement a legal log for outgoing and incoming legal mail. *See, e.g.*, *Reed v. Transitional Counseling Service, et al.*, 20-cv-02082-MEH, ECF No. 26 (serving minute order "by way of USPS Certified Mail/Return Receipt Requested.").

Last, because Plaintiff seeks a disfavored injunction that would alter the status quo, he

4

has not met the heightened burden necessary for such an injunction. And Plaintiff has made no attempt to comply with Fed. R. Civ. P. 65(b)(1).

Accordingly, it is **ORDERED** that the *Motion for Preliminary Injunction* (ECF No. 29) is **DENIED**.

DATED at Denver, Colorado, December 3, 2020.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
United States District Judge